# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3513 | **DATE** | 10/31/2002 |
| **CASE TITLE** | Daniel Sampanetti et al vs. E*Trade Mortgage Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION: It is ordered that defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted, the complaint is dismissed for failure to state a claim.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 0 5 2002 | |
| | Notified counsel by telephone. | | date docketed | 13 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 11/4/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | AMM | courtroom deputy's initials | Date/time received in central Clerk's Office | AMM mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANIEL SAMPANETTI, SANDRA SAMPANETTI, and DAVID A. BUNTE, </br></br>Plaintiffs,</br></br>v.</br></br>E*TRADE MORTGAGE CORPORATION,</br></br>Defendant. | **DOCKETED**</br>NOV 0 5 2002</br></br>No. 02 C 3513 |

## MEMORANDUM OPINION

Before the court is defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the motion is granted.

### BACKGROUND

Plaintiffs, Daniel Sampanetti and Sandra Sampanetti (who are husband and wife), and David A. Bunte, bring this Truth-in-Lending action against defendant E*Trade Mortgage Corporation ("E*Trade"), alleging that E*Trade made a disclosure in an interest rate lock-in agreement that contradicts a consumer's statutory right to rescind a mortgage loan transaction.

The complaint alleges the following facts, which we take as true for purposes of this motion. On September 25, 2001, plaintiffs Daniel and Sandra Sampanetti ("the Sampanettis") applied for a mortgage loan from E*Trade for refinancing existing debt



incurred for personal, family or household purposes. On October 3, 2002, plaintiff David Bunte applied for a mortgage loan from E*Trade for the same purpose. When plaintiffs applied for their loans, they signed a "40-Day Lock-In Disclosure and Agreement" (the "Lock-In Agreement") and paid a $400.00 interest rate lock-in fee. The Lock-In Agreement stated in pertinent part:

> If you provide [E*Trade] with all documentation requested of you (within 3 calendar days) to complete the underwriting review of your loan application . . . and, following such review, [E*Trade] does not approve your loan for closing, based on income qualifying or credit, the lock-in fee will be refunded to you. **If your loan fails to close for any other reason ([sic] including your decision to cancel the application, then the lock-in fee will not be refunded to you.**

(Complaint, Exs. F & G, Lock-In Agreements) (emphasis added). Plaintiffs complain that the last sentence (in bold) violates a consumer's statutory right to rescind a mortgage loan transaction with a full refund of all amounts paid in connection with the loan.

The Sampanettis obtained their $275,000.00 loan on October 11, 2001, and Bunte obtained his $195,000.00 loan on November 1, 2001. In connection with the transactions, plaintiffs received a Note, a Mortgage, a Truth-in-Lending disclosure statement, a Notice of Right to Cancel, and a Settlement Statement. Plaintiffs' claim is not based on any of these documents. (In fact, as discussed infra, the Notice of Right to Cancel tracks the Federal Reserve's "Rescission Model Form.")

The complaint alleges that E*Trade's Lock-In Agreement violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and implementing Federal Reserve Board Regulation Z, 12 C.F.R. pt. 226. Plaintiffs seek to represent a class in relation to their claim.[1]

Defendants now move to dismiss the complaint.

### DISCUSSION

Plaintiffs allege that E*Trade violated the Truth in Lending Act ("TILA"). Congress enacted TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). In keeping with this purpose, TILA requires creditors to make clear right of rescission disclosures for certain consumer credit transactions. See 15 U.S.C. § 1635.

The Federal Reserve Board implemented a set of governing regulations relating to TILA, commonly known as Regulation Z. See Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 559-60 (1980); 12 C.F.R. pt. 226. These regulations mandate the particular disclosures that a creditor must make regarding the right to rescind a transaction "in which a security interest is or will be retained or acquired in a consumer's principal dwelling." See 12

---

[1] The parties agreed to stay briefing on the pending motion for class certification pending our ruling on the instant motion to dismiss.

C.F.R. § 226.23. In a paragraph titled "Effects of Rescission," the Official Staff Interpretation of Regulation Z also indicates that upon rescission, "[t]he consumer cannot be required to pay any amount in the form of money or property either to the creditor or to a third party as part of the credit transaction" and that "[a]ny amounts of this nature already paid by the consumer must be refunded." 12 C.F.R. pt. 226, Supp. I, ¶ 23(d)(2)(1).[2]

Plaintiffs complain that E*Trade's Lock-In Agreement (which provided that if plaintiffs' loans failed to close for any reason other than E*Trade declining to make the loan, the $400 lock-in fee would be forfeited) is contrary to the right of rescission afforded by TILA and contradicts Regulation Z's required disclosures. E*Trade argues that plaintiffs fail to state a claim because its Notice of Right to Cancel used the Federal Reserve's model Right to Cancel form. E*Trade also contends that the Lock-In Agreement applies only to the situation of a loan failing to close. According to E*Trade, if a loan has failed to close, there is no transaction to "rescind"; thus, the right to rescind could not be affected.

It is true that, under TILA, "[a] creditor or lessor shall be deemed to be in compliance with the disclosure provisions of this subchapter with respect to other than numerical disclosures if the

---

[2] The Supreme Court has held that the pronouncements of the Federal Reserve Board or its staff interpreting TILA and/or Regulation Z are "dispositive" unless "demonstrably irrational." Milhollin, 444 U.S. at 565.

creditor or lessor . . . uses any appropriate model form or clause as published by the Board." 15 U.S.C. § 1604(b). But that does not end our inquiry because this safe harbor protection does not extend to another loan document that is alleged to be inconsistent with the disclosure form (here, the Lock-In Agreement). See Leon v. Washington Mut. Bank, F.A., 164 F. Supp. 2d 1034, 1040 (N.D. Ill. 2001). We must ask whether plaintiff has sufficiently alleged an inconsistency between the Lock-In Agreement and the right of the consumer to rescind without payment of money or property as part of the credit transaction.

The issue is more complicated than E*Trade has suggested. Whether plaintiffs have stated a claim based on a violation of their right to rescind depends upon the language of TILA and Regulation Z--specifically, how those provisions define "transaction" and "rescission." The parties have not identified, nor can we find, a statutory or regulatory definition of either term. TILA and Regulation Z do not clearly indicate that the concept of rescission, or the language requiring a refund upon rescission, applies to a situation where a loan has not yet closed. Therefore, a holding that the rescission and refund provisions apply to such a situation would constitute an impermissible expansion of the statute and the regulations. We are not persuaded that the statute gives plaintiffs a right of action, given the

facts alleged in the complaint. Accordingly, the complaint is dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the complaint is granted.

DATE: October 31, 2002

ENTER: _____
John F. Grady, United States District Judge